IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

MACHELLE PARSONS, DARIUS GROSE,
and R.G.,

      Plaintiffs,

v.                                        Case No. 2:19-cv-00177

ASHTON MCDANIEL, Social Worker,
Department of Health and Human Resources,
CHANELLE COY-WILLIAMS, Supervisor
Department of Health and Human Resources,
and JAZMYN PRINCE, Social Worker,
Department of Health and Human Resources,

      Defendant

**PROPOSED FINDINGS AND RECOMMENDATION**

This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

**PROCEDURAL HISTORY**

On March 13, 2019, plaintiff Machelle Parsons filed an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) and a Complaint under 42 U.S.C. § 1983 (ECF No. 2), purportedly on behalf of herself, Darius Grose, and R.G., against three employees of the Child Protective Services Division of the West Virginia Department of Health and Human Resources. A review of the Complaint, which is not a model of clarity,

suggests that R.G., the minor child of Machelle Parsons and Darius Grose, has been removed from their home in the course of on-going abuse and neglect proceedings, and that the defendants are social workers involved in those proceedings. The Complaint appears to allege violations of the plaintiffs' rights under the Fourth, Sixth, and Fourteenth Amendments, due to the defendants' removal of and denial of visitation rights with the plaintiffs' minor child, and seeks the "immediate return" of the child.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2)(B), because the plaintiffs seek to proceed without prepayment of fees and costs, the court is obliged to screen the case to determine if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true, and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the

2

> purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *
>
> In keeping with these principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

556 U.S. at 678-79. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.* at 678. Likewise, if the court determines at any time that it lacks subject matter jurisdiction over a claim or action, it must dismiss the same. *See* Fed. R. Civ. P. 12(h)(3).

## ANALYSIS

### A.     Eleventh Amendment Immunity.

The plaintiffs' Complaint names three employees of the State of West Virginia as defendants. The plaintiffs have not specified whether the defendants are being sued in their individual or official capacity. However, to the extent they are named in their official capacity, the plaintiffs' claims are barred by the Eleventh Amendment to the United States Constitution, which provides that "the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign

state." U.S. Const., Amend. XI.¹  It is clear that, regardless of the relief sought, the Eleventh Amendment bars suits by private citizens against a state, or its officials, in federal court, unless the state has specifically waived its right to immunity.  *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98-99, 101 (1984).

A state can only waive its sovereign immunity by unequivocal expressions or actions.  *Id.* at 99; *see also Edelman v. Jordan*, 415 U.S. 651, 673 (1921).  Similarly, Congress can abrogate a state's immunity only where it has unequivocally expressed its intent to do so, and only where it has validly exercised its power.  *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996).

The Complaint herein has not raised any claims under a statute in which Congress has clearly and unequivocally abrogated the State's Eleventh Amendment immunity, and the plaintiffs have failed to assert a meritorious argument that the State of West Virginia has waived its sovereign immunity.  Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the defendants, in their official capacity, are immune from suit in this federal court under the Eleventh Amendment to the United States Constitution.

      **B.**    *Younger* **Abstention and the Domestic Relations Exception.**

Even if the plaintiffs could overcome the Eleventh Amendment bar to this lawsuit, the District Court should abstain from exercising subject matter jurisdiction over the plaintiffs' claims under the "*Younger*-abstention doctrine," as defined in *Younger v. Harris*, 401 U.S. 37 (1971).  "Under [the] *Younger*-abstention doctrine, interests of comity

---

¹ Although not expressly stated in the amendment, the Eleventh Amendment has been held to bar suits against a state, or its officials, by its own citizens as well.  *See Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974).  Such is the case here.

and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." *Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 237-38 (1984).

The Fourth Circuit has instituted a three-part test for determining when *Younger* abstention is appropriate: "(1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interests, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." *Employers Resource Mgmt. Co., Inc. v. Shannon*, 65 F.3d 1126, 1134 (4th Cir. 1995).

Matters concerning child custody and family law are generally on-going proceedings and the welfare of children is certainly an important state interest. It would appear to this court that the matters in controversy herein may still be on-going, and that the plaintiffs would have adequate opportunity to present their constitutional claims in the state court proceedings.

Additionally, the "domestic relations exception" to federal jurisdiction, as defined in *Barber v. Barber*, 62 U.S. 582 (1858), and *Ankenbrandt v, Richards*, 504 U.S. 689 (1992) applies to their claims. (Id. at 3-4). In *Ankenbrandt*, the Supreme Court held:

> We conclude, therefore, that the domestic relations exception, as articulated by this Court since *Barber*, divests the federal courts of power to issue divorce, alimony, and child custody decrees.
>
> * * *
>
> Not only is our conclusion rooted in respect for this long-held understanding, it is also supported by sound policy considerations. Issuance of decrees of this type not infrequently involves retention of jurisdiction by the court and the deployment of social workers to monitor compliance. As a matter of judicial economy, state courts are more eminently suited to work of this type than federal courts, which lack the close association with state and local government organizations dedicated

>   to handling issues that arise out of conflicts over divorce, alimony and child custody decrees. Moreover, as a matter of judicial expertise, it makes far more sense to retain the rule that federal courts lack power to issue these types of decrees because of the special proficiency developed by state tribunals over the past century and a half in handling issues that arise in the granting of such decrees.

504 U.S. at 703-704.

The relief sought in the Complaint, return of the minor child to the custody of her parents, is exactly the type of claim intended to be barred under the domestic relations exception. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the claims in the plaintiffs' Complaint fall within the domestic relations exception to federal jurisdiction and, thus, this court should abstain from consideration of the plaintiffs' claims.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this civil action and **DENY** the plaintiffs' Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiffs.

<u>April 9, 2019</u>

Dwane L. Tinsley
United States Magistrate Judge