IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MACHELLE PARSONS, et al.,

        Plaintiffs,

v.                                          CIVIL ACTION NO. 2:19-cv-00177

ASHTON MCDANIEL, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). On April 9, 2019, Magistrate Judge Tinsley submitted his Proposed Findings and Recommendation [ECF No. 7] ("PF&R"). The PF&R recommends the court dismiss this civil action and deny the plaintiffs' Application to Proceed Without Prepayment of Fees and Costs [ECF No. 1]. On April 24, 2019, the plaintiffs—Machelle Parsons and Darius Grose—timely submitted objections [ECF No. 8] to the PF&R. For the reasons that follow, the court **OVERRULES** the plaintiffs' objections and **ADOPTS** the PF&R in full.

    I.    **Procedural History**

Because the plaintiffs make no objections to the PF&R's procedural history, the court **ADOPTS** the Magistrate Judge's procedural history.

## II. Legal Standard

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court is not, however, required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the report de novo, this court will consider the fact that the plaintiffs are acting pro se, and their pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## III. Discussion

The Complaint in this matter appears to allege violations of the plaintiffs' rights under the Fourth, Sixth, and Fourteenth Amendments based on the defendants' removal of and denial of visitation rights with the plaintiffs' minor child. The plaintiffs seek the "immediate return" of the child. Compl. [ECF No. 2] 6. The Magistrate Judge proposed that the court find (1) that the defendants, in their official capacity, are immune from suit under the Eleventh Amendment and (2) that the court

2

should abstain from exercising subject matter jurisdiction over this matter under the "*Younger*-abstention doctrine,"[1] and the "domestic relations exception,"[2] even if the plaintiffs could overcome the Eleventh Amendment bar.

In their objections to the PF&R, the plaintiffs first contend that the defendants are being sued in both their individual and official capacities. The plaintiffs also state that "presently" there are "ongoing state judicial proceedings" concerning the minor child's custody. Pls.' Objs. [ECF No. 8] 7. Specifically, the plaintiffs state that "[t]he [state court] judge ordered a parental evaluation for both plaintiffs Machelle Parsons and Darius Grose. . . . She ordered no reinstatement of improvement period, and continue no contact with [the minor child]. Our *next hearing* is scheduled for May 16, 2019[.]" *Id.* at 4–5 (emphasis added). The plaintiffs' objections reiterate that they seek "injunctive relief commanding defendants to return [the minor child] to her biological parents." *Id.* at 9.

However, the plaintiffs' objections—to the extent they direct the court to a specific error in the PF&R—only provide additional support for the Magistrate Judge's application of the *Younger*-abstention doctrine and the domestic relations exception. Moreover, these doctrines apply regardless of whether the defendants are sued in their individual or official capacities.

---

[1] The *Younger*-abstention doctrine is defined in *Younger v. Harris*, 401 U.S. 37 (1971).
[2] The domestic relations exception to federal jurisdiction is defined in *Ankenbrandt v. Richards*, 504 U.S. 689 (1992).

First, the domestic relations exception precludes federal jurisdiction in this case. In *Ankenbrand v. Richards*, 504 U.S. 689, 703–04 (1992), the Supreme Court held:

> We conclude, therefore, that the domestic relations exception, as articulated by this Court since *Barber*, divests the federal courts of power to issue divorce, alimony, *and child custody decrees*. . . .
>
> Not only is our conclusion rooted in respect for this long-held understanding, it is also supported by sound policy considerations. Issuance of decrees of this type not infrequently involves retention of jurisdiction by the court and the deployment of social workers to monitor compliance. As a matter of judicial economy, state courts are more eminently suited to work of this type than federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony and child custody decrees. Moreover, as a matter of judicial expertise, it makes far more sense to retain the rule that federal courts lack power to issue these types of decrees because of the special proficiency developed by state tribunals over the past century and a half in handling issues that arise in the granting of such decrees.

*Id.* at 703–04 (emphasis added); *see also Becker v. Clarke*, No. DKC-12-1214, 2012 WL 1570139, at *2 (D. Md. May 2, 2012) ("federal courts do not have the power to intervene with regard to . . . child custody . . . decrees").

The only relief sought in the plaintiffs' Complaint is the "immediate return" of their daughter. Compl. 6. In their objections, the plaintiffs reiterate the specific relief they seek: "Wherefore plaintiffs Machelle Parsons, Darius Grose, and [the minor child] pray this court issue equitable relief as follows . . . Issue injunctive relief

4

commanding defendants to return [the minor child] to her biological parents." Pls.' Objs. 9. The domestic relations exception, however, divests this court of the power to issue such relief. As such, the court does not have federal jurisdiction over this matter.

Even if the domestic relations exception were inapplicable, the court should abstain from exercising jurisdiction under *Younger*. "Under [the] *Younger*-abstention doctrine, interests of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." *Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 237–38 (1984). The Fourth Circuit has instituted a three-part test for determining when *Younger* abstention is appropriate: "(1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interests, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." *Employers Resource Mgmt. Co., Inc. v. Shannon*, 65 F.3d 1126, 1134 (4th Cir. 1995).

As to the first factor, it is clear that the matters in controversy in this proceeding are still ongoing in West Virginia family court. In fact, the plaintiffs have another hearing regarding the minor child's custody on May 16, 2019. Second, it is uncontroverted that matters concerning child custody implicate an important state interest. *See Kawai v. UaCearnaigh*, 249 F. Supp. 3d 821, 825 (D.S.C. 2017) (noting that the ongoing family court action involved "an area of family law, which is a core

source of state authority and thus is an 'important' state interest"). Third, the plaintiffs will have an adequate opportunity to present their constitutional claims during their upcoming proceedings. Accordingly, even if the domestic relations exception did not apply to this case, the court would abstain from exercising jurisdiction under *Younger*.[3]

IV. Conclusion

For the foregoing reasons, the court **OVERRULES** the plaintiffs' objections and **ADOPTS** the PF&R in full. The court **DISMISSES** this civil action from the docket and **DENIES** the plaintiffs' Application to Proceed Without Prepayment of Fees and Costs [ECF No. 1].

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record, any unrepresented party, and the Magistrate Judge.

ENTER: May 1, 2019

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[3] In the event that the family court proceedings challenged are no longer ongoing, the court finds, alternatively, that the *Rooker-Feldman* doctrine is applicable. *See Sanders v. Turner*, 7:13-CV-02946-RBH, 2014 WL 12526354, at *2 n.5 (D.S.C. Apr. 21, 2014). Despite the plaintiffs' contention that this court can correct legal errors made in lower courts, this court does not have jurisdiction over a challenge to a ruling issued by a West Virginia family court. *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."); *see also id.*

6